IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE ROMERO, *on behalf of himself*
*and all others similarly situated*,

    Plaintiff,

vs.                                   No. CIV 17-0775 KG/SCY

TITLEMAX OF NEW MEXICO, INC., *et al.*,

    Defendants.

### *NUNC PRO TUNC* ORDER CLARIFYING (DOC. 56)

THIS MATTER comes before the Court upon Defendant TitleMax's oral Motion for Clarification.[1] The Court now clarifies, *nunc pro tunc*, its order of May 2, 2018, (Doc. 56) granting, in part, and denying, in part, Defendant TitleMax's "Motion to Compel Plaintiff to Arbitrate and to Enforce the Arbitration Clause as to All Proposed Class Members Who Did Not Opt-Out of the Arbitration Clause and to Stay All Proceedings or, in the Alternative, to Stay All Class Action Related Discovery and Proceedings Until this Motion is Decided" ("Motion to Compel Arbitration") (Doc. 9), for the reasons stated on the record at the May 2, 2018, telephonic conference. Specifically, and as stated on the record, the Court grants the motion in part to compel arbitration as to the first loan agreement, dated July 19, 2016, and second loan agreement, dated August 6, 2016; and denies the motion in part to compel arbitration as to the third loan agreement, dated May 15, 2017. The Order Compelling Arbitration (Doc. 56) otherwise remains as entered.

    IT IS SO ORDERED.

                                                                                 _____
                                                                                 UNITED STATES DISTRICT JUDGE

---

[1] On May 29, 2018, this Court held a status conference at which Defendant TitleMax requested clarification regarding the Order Compelling Arbitration (Doc. 56). The Court construes Defendant TitleMax's request as an oral motion.