IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE ROMERO, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.                                                                           No. 1:17-cv-00775-KG-SCY

TITLEMAX OF NEW MEXICO, INC.,
TMX FINANCE, LLC, and TRACY YOUNG,

    Defendants.

## JUDGMENT AND ORDER CONFIRMING ARBITRATION DECISION AND AWARD

THIS MATTER having come before the Court on the Arbitrator Award dated November 11, 2019, by John A. Darden, Arbitrator, and the Court being advised that the Parties stipulate to entry of this Court's Order under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, confirming the arbitration award, the Court hereby enters its JUDGMENT AND ORDER CONFIRMING ARBITRATION DECISION AND AWARD as follows:

1.       Pursuant to 9 U.S.C. § 9, The Honorable John A. Darden's Arbitration Decision and Award dated November 11, 2019, copied below, shall be and hereby is CONFIRMED as the Judgment and Order of this Court:

# AMERICAN ARBITRATION ASSOCIATION
## Consumer Arbitration Rules

In the Matter of the Arbitration between:

Jesse Romero, Claimant,

v.                         Case Number: 01-19-0001-1951

Titlemax of New Mexico, Inc.
d/b/a Titlemax, Respondent.

---

## *ARBITRATOR AWARD*

I, John Darden, the undersigned arbitrator, was designated by the American Arbitration Association to serve as Arbitrator. This arbitration emanates from a series of two loans made by Titlemax of New Mexico, Inc. d/b/a Titlemax (hereafter "Respondent" and/or "Titlemax") to Jesse Romero (hereafter "Claimant" and/or "Romero"). A third note was part of the transaction however it had no arbitration provision and is before the United States District Court for the District of New Mexico.

Present at the telephonic arbitration hearing on October 18, 2019 at 11:00 am MDT were Scott Fuqua, Esq., attorney for Romero and Justin D. Rodriguez, Esq. and Mr. Douglas Baker, Esq., attorneys for Titlemax. Mr. Romero briefly attended by telephone but left the call before argument began. No motion for an in person evidentiary hearing or for any other purpose was filed by either party on or before the deadline for filing such motion set in the July 22, 2019 Report of Preliminary Hearing and Management Order #1. The briefs and exhibits to the Arbitration Demand and to the Respondent's Answer to Claims along with the two loans were before the Arbitrator. One Note was dated May 15, 2017 and paid off the unpaid balance on the earlier loan and provided Borrower a total of $1,940.44. That note had interest at the annual percentage rate of 144.4116%. The other note was dated July 19, 2016. That note provided Borrower $1,005.00 and had an interest at the annual percentage rate of 156.4484%.

The Arbitrator was provided the Affidavit of Claimant's proffered expert, Professor John J. Flynn, and that of Claimant. Loan documents and payment ledgers and receipts for payments made on Loans One and Two were submitted along with the loan applications and Loan documents for Loans One and Two.

Each attorney was afforded the opportunity prior to the closing of the arbitration to argue his client's position.

## DISCUSSION

Jesse Romero applied for a loan of $500.00 from TitleMax. The loan application showed weekly earnings of $1,600.00. He also indicated regular employment and he owned his automobile free and clear. He eventually obtained a loan for $1,005.00 ($1,000.00 to him and $5 loan fee) and signed a two year note dated July 19, 2016. That note had no prepayment penalty but did have a large annual percentage interest rate if paid according to its terms, 156.4484% (hereafter "Loan One"). Before his first payment was due, he decided to prepay Loan One by refinancing the existing note and taking more money and the unpaid balance on Loan One with his automobile as collateral. He signed a new application but showed that his income was then $1,600.00 paid bi-weekly. He still was employed and but for Loan One, owned his automobile free and clear. He signed the second loan for $2,074.26 which paid off the first note and gave him additional cash. He signed a two year note dated August 4, 2016 which had no prepayment penalty and had an annual percentage interest rate if paid according to its terms of 144.0365 (hereafter "Loan Two"). Both the notes for Loan One and Loan Two had arbitration provisions and those notes are before the Arbitrator.

The complication for the arbitration is that Mr. Romero decided to prepay Loan Two by taking a third loan on May 15, 2017, slightly more than 9 months from the date of Loan Two. The third loan declined arbitration and litigation is now before the United States District Court for the District of New Mexico.

Mr. Romero asserts several theories pertaining for relief with respect to Loan One and Loan Two. He states that Respondent's loan practices as applied to Claimant are both substantively and procedurally unconscionable. He further contends the loan transactions violated the New Mexico Unfair Practices Act, Section 57-12-1 et seq.

Respondent counters that Claimant had a choice of lenders. His earnings of $1,600.00 a week for Loan One, a steady job, no credit card bills and a paid in full vehicle justified lending to him. Of the companies which provide similar loans in the Albuquerque, NM area, Respondent's interest rate was one of the lowest. New Mexico by statute at the time permitted payday loans to have an annual percentage rate of 400%. After the dates of Loans One and Two (and after the initiation of the loan which paid off Loans One and Two), that permitted rate is 175%.

Loan One is below either rate. Similarly the only change in Loan One and Two is that Claimant's income reduced in half and the effective annual interest is slightly less. The interest rate on Loan Two was still under the 400%, now 175% usury cap.

While Respondent offered a take it or leave it form package, on each note Claimant had a right of arbitration refusal, could select length of term up to two years and had the right to pay off the balance unpaid without penalty. Payments applied first to unpaid interest to the date of payment and then to principal. At the hearing discussion occurred about the traditional residential home lenders also insisting on the terms of their loans. One could negotiate the length

of the loan with some limitations. That length affected the amount of payments. Given the public policy of the state regarding what would be an usurious interest rate on some loans evidenced by a law enacted by the Legislature and signed by a Governor, I do not find Loan One and Loan Two were unconscionable – procedurally or substantively, due to their forms and interest rate.

Addressing the Claimant's proffer of expert testimony I am not persuaded that facts submitted support Claimant's position what the intention of the policy makers of Respondent to be when marketing title loans and developing title loan policies and forms for use in the various TitleMax storefront locations. Without testimony regarding TitleMax intention, the Arbitrator is left with looking at circumstantial evidence. As Arbitrator I cannot put myself in the position of a title loan applicant. That there is apparently a market for title loans supports the proffered expert that a demographic might find useful immediate loans using their only collateral, their car. While New Mexico does have homestead alternative exemption in Section 42-10-9 NMSA, a secured loan is an exception to the ability of the loan maker to claim a state exemption. Nonetheless as the New Mexico legislative and executive has not chosen to limit or exclude this type of loan product, I do not find that the loans were otherwise unconscionable – procedurally or substantively.

Loan One was paid off in less than a month by Loan Two. Loan Two was paid off by a loan a little over nine months after the inception date. No adverse action was taken by Respondent against Claimant or his credit. As Loan One and Loan Two were not unconscionable and no other rationale for damages has been proved to the Arbitrator, I find there are no actual damages due Respondent to Claimant.

This leaves the Arbitrator with the Unfair Practices Act, supra. Section 57-12-3 NMSA defines unfair practices as "(U)nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce …" . I have already determined that Respondent's activities are not unconscionable. The loan documents offer the loan to Claimant under the New Mexico Small Loan Act, Section 58-15-1 NMSA et seq. That Act is limited by the New Mexico Bank Installment Loan Act of 1959, Section 58-7-1 NMSA 1978 et seq. and particularly Section 58-7-7 NMSA 1978. The exhibits offered, including payment schedules, do not indicate any violation of the New Mexico Small Loan Act or Section 58-7-7 NMSA 1978.

As there were other lenders available to Claimant and the proof fails to show Loans One and Two were deceptively marketed to Claimant, I do not find a violation of the New Mexico Unfair Practices Act. Thus I decline to award statutory damages or attorney's fees.

## AWARD

Having been duly sworn, and the proofs and allegations of the parties having been considered by me, I order this AWARD:

1. The Administrative fees of the American Arbitration Association (AAA) totaling $2,400.00 and the compensation of the Arbitrator totaling $2,500.00 shall be borne as incurred.
2. The Claims of Claimant articulated in the Arbitration Demand are denied.

This Award is in full settlement of all claims submitted to this arbitration. All claims not expressly granted herein are hereby, denied.

John A. Darden, Arbitrator
November 11, 2019

2. Pursuant to 9 U.S.C. § 13, the Arbitration Decision and Award shall have the same force and effect, in all respects, as, and be subject to all provisions of law relating to, a Judgment in this action, and may be enforced as if it had been rendered in this case.

3. All claims and allegations as to the first loan agreement dated July 19, 2016, and as to the second loan agreement dated August 6, 2016, shall be and hereby are DISMISSED WITH PREJUDICE.

4. No later than twenty (20) days following entry of this Order, the parties shall file a Status Report with this Court identifying by title and document number all pending Motions to be decided by the Court under the third loan agreement dated May 15, 2017.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that JUDGMENT shall be and hereby is entered in accordance with Paragraphs 1 through 3 above and that the Arbitration Decision and Award dated November 11, 2019, is confirmed as the Judgment and Order of this Court in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Submitted by:

ATKINSON, BAKER & RODRIGUEZ, P.C.

*/s/ Justin D. Rodriguez*
Justin D. Rodriguez
201 Third St. NW, Suite 1850
Albuquerque, NM 87102
(505) 764-8111
jrodriguez@abrfirm.com
*Attorneys for Defendants*

Approved by:

FUQUA LAW & POLICY, P.C.

*/s/ Approved via electronic mail 11.12.19*
Scott Fuqua
P.O. Box 32015
Santa Fe, NM 87594
505-982-0961
scott@fuqualawpolicy.com
*Attorneys for Plaintiff*