IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE ROMERO, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs.                                                            No. CV 17-775 KG/SCY

TITLEMAX OF NEW MEXICO, INC.,
TMX FINANCE, LLC, and TRACY YOUNG,

      Defendants.

<u>ORDER DENYING MOTION TO STRIKE JURY DEMAND</u>

This matter is before the Court on Defendant TitleMax of New Mexico, Inc.'s Motion to Strike Plaintiff's Jury Demand, filed August 4, 2017.  (Doc. 11).  Plaintiff filed a response to the Motion to Strike on September 8, 2017, and Defendant filed a reply on September 29, 2017. (Docs. 24 and 39).  Having considered the parties' briefing, the record of the case, and the applicable law, the Court denies Defendant's Motion to Strike Jury Demand.

*I.*    *Background*

This case involves allegations that Defendants' title loan practices violate New Mexico's Unfair Practices Act, NMSA § 57-12-3, and are procedurally and substantively unconscionable. (Doc. 21) (Amended Complaint).  Plaintiff's claims arise from three loans he took out on July 19, 2016, August 4, 2016, and May 15, 2017.  (Doc. 9).  On May 2, 2018, the Court granted TitleMax's Motion to Compel Arbitration as to the first two loans.  (Doc. 56).  TitleMax appealed that decision and, on February 5, 2019, the Tenth Circuit Court of Appeals affirmed the Court's order compelling arbitration for loans one and two.  (Doc. 72).  Consequently, the Court

stayed this case pending arbitration of the first two loans.  (Doc. 71).  On November 11, 2019, the Honorable John A. Darden, Arbitrator, issued a decision finding the loans did not violate the New Mexico Unfair Practices Act and were not unconscionable, and he dismissed Plaintiff's claims as to the first and second loan agreements.  (Doc. 73).  Accordingly, this case is ready to proceed as to Plaintiff's third loan, and Defendant's Motion to Strike Jury Demand is now ready for ruling.  *See* (Doc. 74) (parties' Joint Status Report).

In its Motion, Defendant argues Plaintiff's jury demand must be stricken because Plaintiff signed and executed valid and enforceable jury trial waivers in entering into the loan agreements.  (Doc. 11).  Plaintiff responds that the jury waivers are unenforceable and that he opted out of the jury trial waiver that was part of the third loan.  (Doc. 24).

## II.    *Discussion*

The right to a jury trial in the federal courts, including in actions based on diversity jurisdiction, is governed by federal law.  *Simler v. Conner*, 372 U.S. 221, 221-22 (1963); *Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1115 (10th Cir. 2009).  "In Suits at common law ... the right of trial by jury shall be preserved ... ."  U.S. Const. amend. VII.  "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."  *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937).  However, "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy."  *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citation omitted).

In determining whether to apply a jury trial waiver, courts must determine whether the waiver was voluntary and knowing by weighing factors such as: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate

2

contract terms; and (4) whether the clause containing the waiver was inconspicuous." *Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F.Supp. 1379, 1384 (D. Nev. 1994) (citation omitted); *see also Telum*, 859 F.2d at 837 (considering whether waiver was conspicuous and if there was a gross disparity in bargaining power between the parties); *Bevill Co. v. Sprint/United Mgmt. Co.*, 304 Fed. Appx. 674, 682-83 (10th Cir. 2008) (same); *Avalon Medical Group II, LLC v. LPP Mortgage, Ltd.*, 2013 WL 12138870 (D.N.M.) (applying *Phoenix* factors in considering jury trial waiver applicability); *Tara Woods Ltd. v. Fannie Mae*, 2010 WL 1529459, at *1 (D. Colo.) (unpublished decision) (considering *Phoenix* factors along with whether party opposing enforcement of waiver was represented by counsel when contract was signed); *Boyd v. U.S. Bank Nat'l Ass'n*, 2007 WL 2822518, at *18 (D. Kan.) (applying *Phoenix* factors).

The Tenth Circuit has not decided which party has the burden of demonstrating whether a contractual jury waiver was knowing and voluntary. *Husley v. West*, 966 F.2d 579, 581-82 (10th Cir. 1992) (recognizing circuit split but declining to address the question of which party has burden to establish valid waiver). However, district courts within the Tenth Circuit, including this Court, have generally placed the burden of showing that the waiver was knowing and voluntary on the party seeking to enforce the waiver. *See, e.g., Avalon Medical Group*, 2013 WL 12138870, at *3; *Hitachi Capital Am. Corp. v. Shiloh Imaging Ctr., LLC*, 2012 WL 876778, at *1 (W.D. Okla.); *Pinstripe, Inc. v. Manpower, Inc.*, 2009 WL 1457704, at *2 (N.D. Okla.); *Boyd*, 2007 WL 2822518, at *18 (D. Kan.); *PostNet Int'l Franchise Corp. v. Amercis Int'l, Inc.*, 2006 WL 1775599, at *1 (D. Colo.). Based on the persuasive reasoning of these cases, and because the presumption is against waiver of the right to jury trial, the Court will require Defendant to establish a knowing and voluntary jury trial waiver.

On page 3 of the May 15, 2017, loan agreement, under a section titled "**WAIVER OF RIGHT TO TRIAL BY JURY**," the agreement states the parties "**KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED DIRECTLY OR INDIRECTLY TO … THIS AGREEMENT [AND] THE LOAN THAT IS THE SUBJECT OF THIS AGREEMENT**."  (Doc. 11-1) at 3.[1]  The agreement further states that "**THIS JURY TRIAL WAIVER WILL NOT CHANGE ANY ARBITRATION CLAUSE TO WHICH YOU AND WE ARE SUBJECT, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER**."  *Id.*

The next section of the agreement, titled **"JURY TRIAL WAIVER AND ARBITRATION CLAUSE**," contains the parties' agreement to arbitrate, and explains the customer may opt out of this clause if done so in writing within 60 days.  *Id.*  In addition, on page 5 the agreement states in bold letters: "**You further acknowledge that you have read, understand, and agree to all of the terms of this Loan Agreement, including the 'Waiver of Jury Trial and Arbitration Provision' above**."  *Id.* at 5.  Finally, just above where Plaintiff signed the agreement, it states "**You acknowledge that you have read, understand, and agree to all of the terms of this Loan Agreement, including the <u>Waiver of Jury Trial and Arbitration Provision</u>**."  *Id.*

Defendant argues the jury trial waiver in this agreement is clear and unambiguous, it was placed conspicuously in the loan agreement, there is no gross disparity in bargaining power between Plaintiff and Defendant, and the waiver is "fair and even handed" because it applies

---

[1] As explained, the third loan agreement is the only remaining agreement in this case as the other two agreements were subject to arbitration agreements.

equally to Plaintiff and Defendant.  (Doc. 11) at 6-9.  Plaintiff, however, states he opted out of the jury trial and arbitration agreement in writing on May 22, 2017.  (Doc. 24) at 12; (Doc. 11-4). In addition, Plaintiff argues there is a gross disparity between the bargaining power of the parties, Plaintiff lacked business and professional experience relevant to understanding the significance of the waiver (and was not represented by counsel until after he signed the loan), and Plaintiff had no opportunity to negotiate the terms of the agreement.  *Id.* at 4-10.  Plaintiff also disputes that the waiver is unambiguous.  *Id.* at 10-12.

First, the Court agrees that Plaintiff properly opted out of the jury trial waiver in the May 15, 2017, loan agreement by sending a letter to Defendant on May 22, 2017, stating Plaintiff "is hereby exercising his right to timely 'opt out' of the Jury Trial Waiver and Arbitration Clause." (Doc. 11-4).  Earlier in this case, the Court held that Plaintiff properly exercised his right to opt out of the third loan agreement's arbitration clause and denied Defendant's Motion to Compel Arbitration as to that agreement.  *See* (Docs. 56, 64, and 72).  Accordingly, the Court concludes that Plaintiff opted out of the Jury Trial Waiver and Arbitration Clause pursuant to the terms of the contract, so the jury trial waiver does not apply.

Defendant, however, argues Plaintiff only opted out of jury waiver associated with the arbitration agreement, but did not opt out of the "free standing jury waiver."  (Doc. 39) at 1, 7. Defendant explains that the waiver clause on page three of the loan agreement "compels customers to waive their Seventh Amendment right to a jury on substantive causes of action," while "[t]he separate waiver clause at page five of the Loan Agreement compels waiver of the customer's statutory right to a jury—conferred by [the Federal Arbitration Act], on issues of fact relating solely to making the arbitration agreement."  *Id.* at 7.  Therefore, Defendant argues,

Plaintiff only opted out of the waiver of "his right to a jury to resolve issues of fact related to the making of the arbitration agreement itself." *Id.* at 9.

It is not clear that the jury trial waiver Plaintiff opted out of only applies to claims brought under the Federal Arbitration Act (FAA). The loan agreement states that the FAA governs the "Waiver of Jury Trial and Arbitration Provision," and New Mexico law governs the rest of the agreement. Even so, nowhere in the agreement is it made clear that the opt out provision is limited to issues "relating solely to making the arbitration agreement" as Defendant avers. *Id.* at 7; *see* (Doc. 11-1) at 3. Instead, the "Jury Trial Waiver and Arbitration Clause" states that it covers "all claims related to your application, this Agreement, the Vehicle, the Loan, any Other Loan or your relationship with us." (Doc. 11-1) at 3. Importantly, the agreement instructs customers on how to opt out of the "Jury Trial Waiver and Arbitration Clause" without any distinction made about a separate jury trial waiver that would remain in place if the opt out provision is exercised. In addition, the agreement explains that the "jury trial waiver will not change any arbitration clause," but does not state the inverse, *i.e.*, that the arbitration clause will not change the jury trial waiver. *Id.*

For these reasons, the Court concludes that Plaintiff properly opted out of the jury trial waiver. Alternatively, even if Plaintiff did not opt out of the jury trial waiver, the *Phoenix* factors weigh in favor of finding the waiver was not knowing and voluntary. First, while the provisions in the agreement pertaining to jury trial waiver are conspicuous, they nonetheless are ambiguous because it is not clear there are two jury trial waiver provisions or that customers are only able to opt out of one of those provisions. Therefore, this factor weighs in favor of finding the waiver was not knowing and voluntary. *See, e.g., Bevill Co. v. Sprint/United Mgmt. Co.*, 2006 WL 2921006, at *1 (D. Kan.) (finding jury waiver knowing and voluntary because

waiver's "language is unambiguous and understandable"); *Allyn v. Western United Life Assurance Co*., 347 F.Supp.2d 1246, 1252-53 (M.D. Fla. 2004) (finding waiver provision knowing and voluntary in part because it contained straightforward, understandable language); *Wells Fargo Bank, N.A. v. CCC Atlantic, LLC*, 2013 WL 12147688, at *3 (D.N.J.) (explaining jury waiver must be "clear, conspicuous and unambiguous").

Second, the terms of the agreement demonstrate a gross disparity in bargaining power between Plaintiff and Defendant.  Plaintiff's loan was for $1,940.44 at an annual interest rate of 144.4116%, and obligated Plaintiff to risk his vehicle's title and to pay $4,056.09 in interest alone over three years.  Defendant asserts that Plaintiff's execution of three loan agreements with Defendant demonstrates there was no gross disparity of bargaining power.  This argument, however, does not address the different levels of sophistication and leverage between the two parties.  Accordingly, the Court finds this factor indicates the waiver was not knowing and voluntary.  *See, e.g., Avants v. Prospect Mortg., LLC*, 987 F.Supp.2d 1218, 1223-24 (D.N.M. 2013) (explaining employer "held all the cards" regarding employment contract "because it was the one who conditioned employment on agreeing to a bench trial to settle any employment disputes"); *cf. Phoenix*, 843 F. Supp. at 1384-85 (finding no gross bargaining power disparity because party opposing waiver was "experienced, professional and sophisticated in business dealings"); *Boyd*, 2007 WL 2822518, at *63-65 (finding no gross disparity in bargaining power because party opposing waiver had business degree and specialized experience in finance).

Third, Defendant argues Plaintiff was a sophisticated and experienced borrower because he exercised the right to opt out of the jury trial waiver and arbitration provision.  (Doc. 11) at 8. To the contrary, Plaintiff did not exercise his right to opt out until he obtained counsel after signing the third loan.  Indeed, Plaintiff was required to arbitrate his claims related to the first

7

two loans because he failed to exercise the opt-out provisions of those agreements.  In addition, regarding the fourth *Phoenix* factor, there is no evidence that Plaintiff had the ability to negotiate the contract terms.  Therefore, the third and fourth factors also weigh in favor of finding the waiver was not knowing and voluntary.  *See Transcontinental Gas Pipe Line Co., LLC v. Kibby Welding, LLC*, 2019 WL 3754211, at *6 (N.D. Okla.) (finding jury trial waiver not knowing and voluntary in part because no evidence offered that party seeking to enforce waiver "would have been willing to negotiate about any of the terms"); *Serrano v. Globe Energy Svc., LLC*, 2016 WL 7616716, at *8 (W.D. Tex.) (finding jury trial waiver not knowing and voluntary where no evidence presented that plaintiff had ability to negotiate contract terms or that his "background prepared him to understand the significance of the jury trial waiver," and plaintiff was not represented by counsel when he agreed to waive right to jury trial).

III.    *Conclusion*

Based on the foregoing, and keeping in mind that "the right of jury trial is fundamental" and "courts indulge every reasonable presumption against waiver," *Aetna Ins. Co.*, 301 U.S. at 393, the Court concludes Plaintiff exercised his right to opt out of the jury trial waiver in the May 15, 2017, loan agreement.  Additionally, if Plaintiff did not opt out of the waiver, Defendant has not demonstrated Plaintiff's waiver of his right to a jury trial was knowing and voluntary.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Jury Demand, (Doc. 33), is denied.

UNITED STATES DISTRICT JUDGE