**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JESSE ROMERO,

     Plaintiff,

     vs.                                      No. CV 17-00775 KG/SCY

TITLEMAX OF NEW MEXICO, INC.,

     Defendant.

**<u>ORDER STRIKING AMENDED COMPLAINT</u>**

     This matter is before the Court sua sponte following Plaintiff Jesse Romero's filing of a Second Amended Complaint ("SAC") (Doc. 83).

     In the initial Complaint filed in New Mexico state court, Plaintiff alleged statutory claims under New Mexico's Unfair Practices Act, NMSA 1978, § 57-12-10 et seq (UPA) and common law claims of procedural and substantive unconscionability (Doc. 1-3) against Defendants TitleMax of New Mexico, Inc., TMX Finance, LLC, Tracy Young, and Juan Trevizo. For each alleged claim, Plaintiff sought certification of a class "consisting of all New Mexico citizens who have taken out a loan from Defendants since March 11, 2013." *Id.* ¶ 40. Defendants removed the case to federal court (Doc. 1), declaring subject matter jurisdiction under the federal Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA).[1] On August 25, 2017, Plaintiff filed a First Amended Complaint (FAC) (Doc. 21), which also asserted subject matter jurisdiction under CAFA.

     The Order Setting Case Management Deadlines and Discovery Parameters (Doc. 80) ("Order") gave Plaintiff a deadline of October 8, 2020[2] to add additional parties and/or to amend the pleadings. *Id.* at 2. But the Order also cautioned Plaintiff that (1) if he sought to amend the pleadings after October 8, 2020, he must demonstrate good cause under Federal Rule of Civil Procedure (Rule) 16(b) and (2) any

---

[1] In the Notice of Removal Defendants also asserted that "this Court also had "'traditional' diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The FAC abandoned any claim of jurisdiction on these grounds.

[2] The parties' Joint Status Report and Provisional Discovery Plan (Doc. 79) set an amendment deadline of October 1, 2020. By request of the parties, that initial deadline was extended by one week to October 8, 2020.

requested amendments must comply with the requirements of Rule 15(a). *Id.* at 2 n.1.

On October 15, 2020, one week after the Order's October 8, 2020 amendment deadline, Plaintiff filed the SAC. The SAC alleged Plaintiff's claims individually and eliminated Plaintiff's previous request to certify a class. For the most part, the statutory and common law claims in the SAC remained the same as those delineated in the FAC.[3] The SAC also dropped all claims against defendants TMC Finance, LLC, and Tracy Young. According to Plaintiff, this Court now has subject matter jurisdiction under state law, more specifically, the UPA. (Doc. 83) ¶ 3.

A party may amend its pleadings once before a responsive pleading is served. Rule 15(a)(1). After a responsive pleading, under Rule 15(a)(2), a party may amend a pleading only with the opposing party's consent or absent consent, only with the court's leave. "[A] request for a court order must be made by motion," "in writing unless made during a hearing or trial," and "state with particularity the grounds for seeking the order." Rule 7(b)(1)(A)–(B). A court may deny leave to amend when a plaintiff fails to file a written motion. *See Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (citing *Garman v. Campbell Cty, Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)).

Plaintiff's SAC did not comply with rules governing amendment of pleadings. The Plaintiff neither filed a motion with the Court seeking an extension of the amendment deadline for good cause as required by Rule 16(b) nor did he obtain Defendant's leave or ask the Court for leave to amend under Rule 15(a).

Accordingly, Plaintiff's Second Amended Complaint (Doc. 83) is STRICKEN for the reasons described in this Order.

UNITED STATES DISTRICT JUDGE

---

[3] The SAC removed one of Plaintiff's former UPA claims and added a conversion claim.