IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE ROMERO,

    Plaintiff,

v.                                                          No. CV 17-00775 KG/SCY

TITLEMAX OF NEW MEXICO, INC.,

    Defendant.

ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* following Plaintiff Jesse Romero's filing of his Second Amended Complaint (SAC) (Doc. 112) on August 12, 2021.[1]

This case began in the New Mexico 1st Judicial District on June 26, 2017. In the Complaint, which Plaintiff brought on behalf of "all New Mexico citizens who have taken out a loan from Defendants since March 11, 2013" (Doc. 1-3 ¶ 40), Plaintiff Jesse Romero listed five counts: three statutory counts under the New Mexico Unfair Trade Practices Act, § 57-12-3 (NM UPA), and two common law counts alleging procedural and substantive unconscionability.

On July 28, 2017, Defendant[2] TitleMax of New Mexico, Inc. removed this case from state to federal court under 28 U.S.C. §§ 1331, 1441(a), alleging that Plaintiff's Complaint substantively was a class action under the federal Class Action Fairness Act of 2005, CAFA, Pub. L. No. 109–2, February 18, 2005, 119 Stat 4 (Doc. 1) (compiled in various sections of title 28). CAFA gives the Court federal subject matter jurisdiction over class actions that meet the requirements delineated in 28 U.S.C. § 1332(d)(2). Alternatively, Defendant asserted that the Court had traditional diversity jurisdiction, under 28 U.S.C.

---

[1] The Court struck an earlier version of Plaintiff's second amended complaint (Doc. 83) for failure to comply with Federal Rules of Civil Procedure 15(a)(2) and 16(b). (Doc. 109). Subsequently, the Court granted Plaintiff leave to amend. (Doc. 111 ).

[2] At its inception, this case included additional Defendants who were later dismissed. For clarity, the Court will refer only to the sole remaining Defendant.

§ 1332(a)(1), stating that all Plaintiffs and Defendants were diverse and that the amount in controversy exceeded $ 75,000.

Almost a month later, on August 25, 2017, Plaintiff filed a First Amended Complaint (FAC) (Doc. 21), which alleged the same five counts. The FAC adopted Defendant's assertion that this Court had federal question jurisdiction under CAFA, § 1332(d). The FAC did not claim traditional diversity jurisdiction.

The SAC eliminated the CAFA claim, and introduced a state law conversion claim. In the jurisdictional section of the pleadings, the SAC states that "[s]ubject matter jurisdiction over this matter arises pursuant to [NM UPA.]" (Doc. 112).

Removal of cases to federal court is governed by statute. When this case was first removed, Defendant relied on the Court's original jurisdiction under CAFA. All other claims arose under state law. When a federal court has "original jurisdiction" over a federal claim, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). When this matter first came to federal court, because the CAFA claim shared the same factual basis as Plaintiff's state statutory and common law claims, the Court had supplemental jurisdiction.

Now that the SAC eliminated the federal claim, only the supplemental state claims remain. "The Supreme Court has instructed that 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.'" *Merrifield v. Board of Cty, Comm'rs for Cty of Santa Fe*, 654 F.3d 1073, 1085 (10th Cir. 2011) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). A district court has the discretion to decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Barlow v. C.R. England, Inc.*, 703 F.3d 497, 511 (10th Cir. 2012) (explaining the district court's discretion). The Tenth Circuit has counselled that absent a showing that "the parties have expended a great deal of time and energy on the

state law claims . . . a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (*citing Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)) (further citation omitted).

This case is still in its preliminary stages. Unless there is cause, the Court is inclined to remand this case to state court. As the party invoking this Court's jurisdiction, the burden is on Defendant to show that it is in the interest of judicial economy, convenience, fairness, and comity that the Court exercise its discretion over the remaining supplemental claims.

Therefore, IT IS ORDERED that not later than August 31, 2021, Defendant shall SHOW CAUSE in writing why the United States District Court should not remand this case back to the New Mexico 1st Judicial District Court.

_____
UNITED STATES DISTRICT JUDGE